UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| ALLAHTEEF SALAAM JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 2:17-cv-531 |
| ) | |
| HAROLD W. CLARKE, Director, ) | |
| Virginia Department of Corrections, ) | |
| ) | |
| ) | |
| Respondents. ) | |
| ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Allahteef Salaam Jones's ("Petitioner") Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, Rule 5 Answer, and Brief in Support of Motion to Dismiss and Rule 5 Answer, ECF Nos. 10-12. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 10, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED AND DISMISSED WITH PREJUDICE**.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 29, 2013, following a two-day jury trial in the Circuit Court of Caroline County ("Trial Court"), Petitioner was found guilty of conspiracy to commit robbery, robbery, and aggravated malicious wounding. ECF No. 12, attach. 5. On November 7, 2013, the Trial Court sentenced Petitioner to forty-seven years' imprisonment in accordance with the jury's verdict. *Id.*, attach. 1 at 2. On August 8, 2014, the Trial Court entered an amended final order correcting a "scrivener's error as to the date of the offense" that appeared in the original November 7, 2013 order. *Id.*, attach. 2 at 1. Petitioner was represented at trial and on appeal by attorney Katina C. Whitfield ("Defense Counsel"). According to the factual findings of the Court of Appeals of Virginia, Petitioner's conviction arises out of the following evidence presented at Petitioner's jury trial:

> The victim testified he was walking from his place of employment with $250 in cash in his pocket when he was attacked. Bones in the victim's head and face were broken, and he was left permanently blind in one eye as a result of the beating. He was knocked unconscious during the episode and when he awoke at the hospital his cash was missing.
>
> Gregory Pollard had been convicted of armed robbery related to this incident, and he testified at [Petitioner]'s trial. He stated [Petitioner] told him he needed money and he knew someone "we could get," naming the victim. Pollard drove to a location near where the victim worked, and he waited in the car while [Petitioner] left the vehicle and walked toward the victim's place of employment. Pollard testified [Petitioner] returned to his car "hyped-up" and "nervous." He got into Pollard's car and said, "[l]et's go." The [Petitioner] had a baseball bat with him when he entered the car. Pollard stated he and [Petitioner] then bought beer and cigarettes. Pollard did not believe [Petitioner] had any money prior to the incident.
>
> Margie Heflin testified [Petitioner] and Pollard discussed robbing someone several times in her presence. She also testified [Petitioner] told her he "robbed a guy" on the date of the incident. Rosemary Voak, who had pending criminal charges at the time of the trial, also testified she heard [Petitioner] and Pollard discuss robbing someone. Voak said that [Petitioner] mentioned "punishing" or "hitting" someone on the night of the incident.

ECF No. 12, attach. 3 at 2.

2

Because the procedural background of this case is integral to the Court's recommended disposition thereof, the undersigned will now articulate a chronology of Petitioner's appellate efforts and endeavors to obtain state and federal habeas relief.

Petitioner timely appealed his convictions to the Court of Appeals of Virginia, arguing that the evidence presented at trial was insufficient to sustain Petitioner's convictions. *Id.*, attach. 3 at 1. On September 30, 2014, the Court of Appeals of Virginia denied Petitioner's appeal. *Id.* Petitioner again appealed and on September 17, 2015, and the Supreme Court of Virginia refused Petitioner's petition for appeal. *Id.*, attach. 4.

On October 13, 2016, Petitioner filed a petition for a writ of habeas corpus with the Trial Court in which he raised the following grounds:

    I.    Trial counsel was ineffective for failing to properly investigate the defense Petitioner offered during trial.

    II.    Appellate counsel was ineffective for failing to present the following two "meritorious issues on appeal:"

        A. The evidence was insufficient to support a finding of guilt that the petitioner conspired with anyone to commit the crime of robbery.

        B. The evidence was insufficient to support a finding of guilt that the petitioner committed the crime of aggravated malicious wounding.

*Id.*, attach. 5 at 2.

On December 15, 2016, the Trial Court dismissed Petitioner's state habeas petition, finding that the state petition was untimely filed. *Id.*, attach. 5 at 3, 7. Under Virginia Code § 8.01-654(A)(2), Petitioner had one year from the final disposition date of his direct appeal to file a state habeas petition. Va. Code § 8.01-654(A)(2). Here, Petitioner's appeal to the Supreme Court of Virginia had been refused on September 17, 2015. ECF No. 12, attach. 3. The Trial Court found Petitioner had one year from that date to file his state habeas petition pursuant Virginia Code §

3

8.01-654(A)(2), calculating a filing deadline of September 17, 2018, and determining that his October 13, 2016 filing was outside the deadline to file a state habeas action. *Id.*, attach. 5 at 2. Despite the finding the state habeas petition was untimely filed, the Trial Court considered the substance of Petitioner's claims and found them to be without merit. *Id.*, attach. 5 at 3 ("[T]he petition is untimely. In any event, the Court also finds the claims are without merit."). Petitioner did not appeal the Trial Court's denial of Petitioner's state habeas petition. ECF No. 1 at 3.

Petitioner then filed the instant *pro se* Section 2254 Petition for federal habeas relief in this Court on October 11, 2017, wherein Petitioner raises similar issues to those previously raised in his state habeas petition. *Id.* The instant Petition raises the following grounds:

Ground One: Ineffective Assistance of Counsel

>    (a) Defense Counsel was ineffective at trial for failing to properly investigate the defense Petitioner offered during the trial, namely that he was committing other criminal activity in the area and therefore, could not have committed the crime for which he was convicted.

>    (b) Defense Counsel was ineffective on appeal for failing to present meritorious issues in Petitioner's appeal, namely by failing to challenge the sufficiency of the evidence related to Petitioner's conspiracy to commit robbery and aggravated malicious wounding convictions.

Ground Two: Sufficiency of the Evidence

>    (a) There was insufficient evidence to support Petitioner's conspiracy to commit robbery conviction.

>    (b) There was insufficient evidence to support Petitioner's aggravated malicious wounding conviction.

*Id.* at 3-9.

On March 22, 2018, Respondent filed a Motion to Dismiss, Rule 5 Answer, supporting memorandum, and *Roseboro* Notice. ECF Nos. 10-13. Petitioner filed a Motion for an Extension of Time on April 25, 2018, which the Court granted on May 19, 2018. Subsequently, Petitioner

filed a response to the Motion to Dismiss on June 1, 2018. ECF No. 18. The Respondent has not filed a reply and the time to do so has expired. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. ANALYSIS

### A. Exhaustion and Procedural Default

Before a court may consider the merits of a federal habeas petition, the preliminary inquiry must be (1) whether Petitioner's state habeas petition was timely or may be excused from untimely filing, (2) whether Petitioner appropriately exhausted the claims asserted in the Petition, and (3) whether Petitioner has procedurally defaulted on his claims such that these claims are simultaneously exhausted and defaulted for purposes of federal habeas review.

*1. The Petition is Untimely and Time-Barred*

Respondent argues that because Petitioner's state habeas petition was untimely filed Petitioner's limitations period under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") was not tolled for the purpose of federal habeas review, thereby making the instant Petition over a year late. ECF No. 12 at 3-5. Responsively, Petitioner contend that the untimely filing of Petitioner's state habeas petition should be excused. ECF Nos. 1 at 12-13 and 18 at 1-5.

Under Virginia Code § 8.01-654(A)(2), a state prisoner must file his state habeas petition within one year from the date of the final disposition of a direct appeal or from the date in which the time for filing a direct appeal would have expired. Va. Code § 8.01-654(A)(2); *see also Haas v. Lee*, 263 Va. 273, 276, 560 S.E.2d 256, 257 (Va. 2002) (explaining Virginia Code § 8.01-654(A)(2) requires a state prisoner to "file his petition within two years from the date of final judgment in the circuit court or one year from either final disposition of the direct appeal in the state court or the time for filing such appeal has expired, whichever is later"). Regarding the two-

5

year deadline arising from the final judgment of the circuit court, the Trial Court entered its final order on November 7, 2013. ECF No. 12, attach. 1. On August 8, 2014, the Trial Court entered an amended final order correcting a "scrivener's error as to the date of the offense" in the original November 7, 2013 order. *Id.*, attach. 2. Thus, in giving Petitioner the benefit of the amended final order date August 8, 2014, Petitioner would have been required to file a state habeas action on or before August 8, 2016.[1] Alternatively, regarding the one-year deadline arising from the September 17, 2015 final judgment of the Supreme Court of Virginia in which the court refused to take up Petitioner's petition for appeal, to be timely, Petitioner would have been required to file a state habeas action on or before September 17, 2016. *Id.*, attach. 4. Because Petitioner filed his state habeas action on October 13, 2016, the Petitioner's state habeas petition was not timely filed within either of the above stated deadlines. *Id.* attach. 5.

Under AEDPA, section 2254 federal habeas petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from "the date on which the judgment became final by the conclusion of direct review." *Id.* However, in calculating the limitations period, courts exclude or toll the time during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. *Id.*; *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). To be pending, a state habeas petition must have been "properly filed." *Pace*, 544 U.S. at 417 (finding that "time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's . . . petition as untimely, it was not 'properly filed' and [petitioner] is not entitled to statutory rolling under § 2244(d)(2)."). In the instant case, Petitioner's state habeas petition was filed late, and therefore was improperly filed such that AEDPA tolling did not take effect. *Id.* Thus, absent the benefit of tolling, Petitioner

---

[1] Notably, the Trial Court's Amended Final Order was not filed *nunc pro tunc*.

6

would have been required to file the instant federal habeas Petition on or before December 16, 2016.[2] The instant Petition was filed on September 26, 2017, 286 days beyond the one-year deadline provided by AEDPA. Therefore, unless Petitioner can show either statutory tolling or equitable tolling is appropriate, his Petition is time-barred.

Petitioner does not argue he is entitled to statutory tolling rules. ECF No. 18 at 1. Rather, Petitioner concedes that he was late in filing his state habeas petition but contends that his late filing was caused by limited library access within the correctional facility where he is housed and argues that this limited access entitles him to equitable tolling. *Id.* at 2, 4. "To qualify for equitable tolling, a petitioner must demonstrate both that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Rashid v. Clarke*, No. 1:18CV262, 2018 WL 1937349, at *3 (E.D. Va. Apr. 24, 2018) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "[T]he petitioner is obliged to specify the steps he took in diligently pursuing his federal claim, and a lack of diligence generally acts to negate the application of equitable tolling." *Id.* (citing *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001)). "In addition, the petitioner must 'demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances.'" *Id.* The Fourth Circuit has emphasized that equitable tolling is to be applied only in rare circumstances. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) ("We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be

---

[2] The Supreme Court of Virginia entered judgment on September 17, 2015, and the conclusion of direct review occurred ninety days after, on December 16, 2015, as a petitioner has only ninety days from a final order of a state supreme court to petition for a writ of certiorari with the Supreme Court of the United States. *See* U.S. Supr. Ct. R. 13.

unconscionable to enforce the limitation period against the party and gross injustice would result.").

Petitioner contends that his state habeas petition should be entitled to equitable tolling and thus not time barred because "extraordinary circumstances, beyond my control, made it impossible for me to file the state habeas petition with the time constraints." ECF No. 18 at 4. Petitioner states that he was scheduled for a library appointment to print and mail his state habeas petition on September 16, 2016 – one day before the state habeas deadline. *Id.* However, through a series of facility lockdowns, holidays, unavailable personnel, and other obstructions Petitioner was unable to complete and mail his state habeas petition until October 13, 2016. *Id.* at 2-4. Specifically, Petitioner argues he was "prohibited from attending [the September 16th] appointment by security personnel at this institution." ECF No. 18 at 2. During his next appointment three days later "the institution at which I am housed was placed on lockdown for its annual search." *Id.* According to Petitioner, this lockdown lasted until October 7, 2016. *Id.* A holiday then prevented him from mailing his petition until October 13, 2016. *Id.*

Although Petitioner was obstructed from his last-minute attempt to timely mail his petition, this is not the type of extraordinary case that warrants equitable tolling, nor does the evidence support a finding that Petitioner "pursue[ed] his rights diligently" as required. *Rashid*, 2018 WL 1937349 at *3. Notwithstanding the obstructions described above, Petitioner had nearly an entire year to finalize and mail his state petition. Nevertheless, he chose to wait until one day before his filing deadline to do so. Although Petitioner does not go into detail, he describes the search that interrupted his second library visit as "annual." ECF No. 18 at 2. This, in particular, suggests that interruption of his library visits should have been reasonably anticipated and considered in Petitioner's determination of when he should complete and mail his state habeas petition.

8

Accordingly, Petitioner cannot be considered to have diligently pursued his rights over the better part of a year in which he failed to avail himself of available post-conviction remedies. Further, because Petitioner himself delayed in completing his state petition, the untimeliness is not wholly "due to circumstances external to the party's own conduct." *Rouse*, 339 F.3d at 246. Much of the blame for Petitioner's untimely filing was due to Petitioner's own delay and Petitioner has not attempted to provide a reason why he waiting to draft his state habeas petition until his last library appointment prior to the filing deadline. As a result, Petitioner has failed to meet the especially high bar required for equitable tolling. Therefore, the Court **FINDS** the Petition is untimely and time-barred.

  *2. Exhaustion*

Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd in Pruett v. Thompson*, 996 F.2d 1560 (4th Cir. 1993). "Thus, a petitioner convicted

in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition." *Moody v. Dir., Va. Dep't of Corr.*, 2016 WL 927184, at *3 (E.D. Va. Mar. 3, 2016), *appeal dismissed*, 669 F. App'x 160 (4th Cir. 2016) (citing *Duncan v. Henry*, 513 U.S. 364 (1995)).

### 3. Procedural Default

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. As the Fourth Circuit has explained, the procedural default doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* at 619 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)); *see also Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006) ("A federal claim is deemed procedurally defaulted where 'a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule.' . . . A federal court cannot review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice." (quoting *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998)) (internal citations omitted). As the Supreme Court recently observed, "[t]he procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)).

Additionally, a petitioner seeking federal habeas relief also procedurally defaults his claims when he "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the

claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.1). When considering a petition for federal habeas corpus, § 2254(d) mandates that a state court's finding of procedural default be presumed correct, provided that the state court relied explicitly on procedural grounds to deny petitioner relief and that the procedural rule relied on is an independent and adequate state ground for denying relief. *See Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (explaining that "an adequate and independent state procedural bar to the entertainment of constitutional claims must have been 'firmly established and regularly followed' by the time as of which it is to be applied") (citing *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)).

Absent a showing of cause for the default and prejudice or a fundamental miscarriage of justice (such as actual innocence), this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989); *see also Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006) (explaining that "a petitioner may nonetheless overcome procedural default, and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review") (citing *Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). The Fourth Circuit has held that "[t]o establish cause, a petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Hedrick*, 443 F.3d at 366 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *see also Davila*, 137 S. Ct. at 2065 ("A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner.") (quoting *Coleman*, 501 U.S. at 753). "This requires a demonstration that 'the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding.'" *Hedrick*, 443 F.3d at 366 (quoting *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999)). "Importantly, a court need not consider the issue of prejudice in the absence of

cause." *Booker v. Clarke*, 2016 WL 4718951, at *5 (E.D. Va. Sept. 8, 2016), *appeal dismissed*, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996)).

### 4. Petitioner's Grounds for Relief are Both Exhausted and Procedurally Defaulted

Petitioner admits, and Respondent highlights, that Petitioner failed to appeal the Trial Court's denial of his state habeas petition. ECF Nos. 1, 12, 18. Petitioner claims he failed to appeal his state court habeas to any higher state court because "I was not aware that an appeal had to be filed. When discovered, the time for filing an appeal had expired." ECF No. 1 at 7, 11. As stated *supra*, "a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition." *Moody*, 2016 WL 927184 at *3 (citing *Duncan v. Henry*, 513 U.S. 364). While Petitioner did make a direct challenge to the Court of Appeals of Virginia and direct appeal to the Supreme Court of Virginia, Petitioner's claims were different from those now asserted in the Petition and the Petitioner has not presented any of his instant claims to any Virginia appellate court. Petitioner has only raised his instant claims in the state habeas petition before the Trial Court and before this Court.[3] By not seeking appellate review of his state habeas petition prior to filing the instant Petition, Petitioner has failed to exhaust his available state court remedies. However, "a claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally

---

[3] However, as an aside, it appears Petitioner did not raise in his state habeas petition all of the grounds alleged in the instant Petition. While Petitioner claimed ineffective assistance of counsel in his state habeas petition, Petitioner does not appear to have directly challenged the sufficiency of the evidence; rather Petitioner's state habeas petition appears to raise an ineffective assistance claim for his Defense Counsel's failure to argue evidence was insufficient to support Petitioner's conspiracy and malicious wounding convictions on appeal. This is a narrow but important distinction.

barred under state law if the petitioner attempted to present it to the state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). If Petitioner were to raise the instant claims in a new state habeas petition so as to exhaust his state post-conviction remedies, he would be procedurally barred because the time for doing so has expired. *See* ECF No. 1 at 7, 11; Va. Code. § 8.01-654(A)(2). Thus, Petitioner's claims are now both exhausted and procedurally defaulted.

*4. Petitioner's Procedural Default May Not Be Excused*

Petitioner may overcome procedural default if he "is able to demonstrate cause and prejudice for the default or demonstrate that failure to review the claim[] will result in a fundamental miscarriage of justice." *Edwards v. Johnson*, 2010 WL 5825427, at *3 (E.D. Va. Dec. 15, 2010) (citing *Coleman*, 501 U.S. at 750; *Savino*, 82 F.3d at 602). Petitioner argues that his failure to exhaust and resulting procedural default should be excused both for cause and to prevent a miscarriage of justice based on his actual innocence. ECF No. 18 at 4.

"In order to show 'cause' for the default, [Petitioner] must establish 'that some objective factor external to the defense impeded his efforts to raise the claim in state court at the appropriate time.'" *Breard*, 134 F.3d at 619 (citing *Murray*, 477 U.S. at 488). This inquiry focuses on "whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." *McCleskey*, 499 U.S. at 498. To show "cause" for his default Jones argues that he should not be barred because a direct appeal may be made to the federal court where "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. 2254(b)(1)(B)(i-ii). Petitioner puts forth two reasons for his failure to timely appeal his state habeas petition to the Supreme of Virginia. *See* ECF No. 18 at 4. First, Petitioner states he only received a copy of the Trial Court's final order ruling on his state habeas petition upon request and after the thirty-day deadline had

elapsed to file a notice of appeal with the Trial Court and initiate the appeal process. *Id.* at 5. Second, Petitioner argues that the Trial Court's dismissal of Petitioner's state habeas petition did not include an explanation of the habeas appeals procedures, thereby preventing him from knowing of the need to file a notice of appeal within thirty days. *Id.* Addressing Petitioner's second cause argument, ignorance is not a valid justification the permits a petitioner to overcome procedural default. A lack of subjective knowledge is not the type of "objective factor" external to Petitioner that may give rise to sufficient cause. *See Ensley v. Johnson*, 2011 WL 6695004, at *5 (E.D. Va. Dec. 21, 2011) (quoting *Wright*, 151 F.3d at 160 n.5). Thus, Respondent correctly points out that Petitioner is unable to demonstrate sufficient cause to overcome a procedural default by arguing his own unfamiliarity with the law. ECF No. 12 at 8. However, if Petitioner is correct in his assertion that he did not know of or receive the Trial Court's dismissal of his state habeas petition until after the thirty-day deadline to file a notice of appeal, this would constitute an "'objective factor external to the defense [that] impeded his efforts'" to appeal his state habeas timely. *Breard*, 134 F.3d at 619 (citing *Murray*, 477 U.S. at 488). For cause to be sufficient to excuse procedural default, Petitioner must demonstrate not just cause, but both cause and prejudice. *See Edwards*, 2010 WL 5825427 at *3. Petitioner has failed to assert he would be prejudiced by his untimely receipt of the Trial Court's order as he never filed any appeal of that order, timely or otherwise. In light of the fact that Petitioner failed to timely file his original state habeas petition with the Trial Court in the first instance, and never appealed the Trial Court's order when he did receive it, the Court cannot now *sua sponte* find that Petitioner was prejudiced by late receipt of the Trial Court's order. Thus, Petitioner has failed to establish sufficient cause to excuse his procedural default. Therefore, the Court **FINDS** Petitioner has failed to demonstrate sufficient cause to excuse his procedural default.

Petitioner also asserted that his actual innocence should be sufficient to excuse procedural default. ECF No. 18 at 4. "[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999); *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (explaining that a claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits"). This "exception only applies in limited circumstances: 'The petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *United States v. Jones*, 750 F.3d 579, 584 (4th Cir. 2014) (quoting *Schulp v. Delo*, 513 U.S. 298, 327 (1995)). To state such a claim, "the petitioner must satisfy a 'rigorous' burden by 'support[ing] his allegations of constitutional error with new reliable evidence.'" *Smith v. Warden*, 2017 U.S. Dist. LEXIS 106192, at *4 (W.D. Va. June 26, 2018) (alteration in original) (quoting *Schulp*, 513 U.S. at 324). Here, Petitioner argues that procedural default should be excused because he has made a "colorable showing of innocence." ECF No. 1 at 13. However, Petitioner appears to merely restate his original grievances and puts forth no "new reliable evidence" to support his claim of actual innocence. *Schulp*, 513 U.S. at 324. In fact, Petitioner does not put forth any evidence at all that would give rise to an exception arising from a claim of actual innocence. Therefore, the Court **FINDS** Petitioner has failed to make a showing of actual innocence sufficient to excuse his procedural default.

### III. RECOMMENDATION

Thus, the undersigned **FINDS** that Petitioner's Petition is time-barred under AEDPA. Further, the Court **FINDS** that Petitioner's failure to appeal his state habeas petition within the

state judicial system make his claims in the instant Petition simultaneously exhausted and procedurally defaulted. Thus, the Court may not review the merits of Petitioner's claims. For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 10, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED AND DISMISSED WITH PREJUDICE.**

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
December 3, 2018